Hardesty, J.,
with whom Pickering, C.J., and Cherry, J., agree,
concurring in part and dissenting in part:
The Nevada Constitution gives the Legislature exclusive authority to define the jurisdiction of our justice courts. Nev. Const. art. 6, § 8 (“The Legislature shall determine the number of Justices of the Peace to be elected in each city and township of the State, and shall fix by law ... the limits of their civil and criminal jurisdiction . . . .”). See also Salaiscooper v. Eighth Judicial Dist. Court, 117 Nev. 892, 899, 34 P.3d 509, 514 (2001) (“[T]he jurisdictional boundaries of Nevada’s justice courts are defined by the [Ljegislature.”). NRS 4.370(3) limits the criminal jurisdiction of the justice courts to misdemeanors, “except as otherwise provided by specific statute.” Going further, NRS 171.196(1) states, in mandatory terms, “[i]f an offense is not triable in the Justice Court, the defendant must not be called upon to plead.” (Emphasis added.) Together, the Constitution and statutes deny justices of the peace authority to accept felony pleas.
*259 The issue in this case is clear. Can the judicial branch, pursuant to local district court rule, give a Nevada justice of the peace authority over felony guilty pleas, when the Legislature has expressly denied that authority?
NRS 3.245 empowers the district court to appoint masters to hear plea negotiations in felony and gross misdemeanor cases. While the majority maintains that NRS 3.245 permits justices of the peace to be appointed as district court masters, they acknowledge that NRS 3.245 does not, by its terms, override the general and express prohibitions in NRS 4.370 and NRS 171.196(1), respectively. Majority opinion ante at 256 (the Legislature did not “intend[ ] to expand, nor delegate the power to expand, the jurisdiction of . . . justice courts” when it amended NRS 3.245). Indeed, nothing in the legislative history of NRS 3.245 suggests or even implies anything to the contrary.
In the absence of any “specific” statutory provision to expand the authority of a justice of the peace to accept felony pleas, the majority turns to EDCR 1.48, which permits qualified judges to serve as masters and claims that the local rule does not unconstitutionally expand the jurisdiction of the justices of the peace. I disagree.
Through EDCR 1.48, the district court allows a justice of the peace, by virtue of his or her status as a justice of the peace, to perform the duties granted to masters under NRS 3.245. In doing so, the court rule grants justices of the peace jurisdiction in felony cases that the Legislature has expressly denied them. To this extent, EDCR 1.48 expands the justice of the peace’s jurisdiction, and it is unconstitutional. As this court recently held in Hernandez v. Bennett-Haron, only the Legislature can expand the jurisdiction of the justices of the peace. 128 Nev. 580, 596, 287 P.3d 305, 316 (2012) (holding that “by providing for the participation of justices of the peace in Clark County’s inquest proceedings!,] ... the Clark County Board of County Commissioners has unconstitutionally impinged on the Legislature’s constitutionally delegated authority”); see also Nev. Const. art. 6, § 8 (“The Legislature shall determine ... the limits of [a justice of the peace’s) civil and criminal jurisdiction . . . .”). As such, I conclude that the district courts cannot expand the jurisdiction of the justices of the peace through a local rule such as EDCR 1.48. To hold otherwise vitiates our holding in Hernandez.
The majority’s reliance on a justice of peace’s judicial qualifications to serve as a master ignores the facts of this case. Frederick appeared in justice court before Judge Saragosa for a preliminary hearing on a misdemeanor charge and a felony charge, after entering into a plea agreement with the State. Frederick pleaded guilty to the misdemeanor charge and was sentenced by Judge Saragosa. Immediately thereafter, wearing the same robes and sit *260 ting in the same courtroom, Judge Saragosa conducted a plea colloquy on the felony charge and accepted Frederick’s plea. After accepting his plea, she bound Frederick over to district court for sentencing.
In this instance, Frederick tendered his plea to a sitting justice of the peace during the course of his criminal proceeding over which the justice of the peace had only partial jurisdiction. It is unreasonable to argue that Judge Saragosa transformed from justice of the peace to master between the time Frederick entered his plea on the misdemeanor and, a moment later, when he entered his plea on the felony charge.
I take no issue with the Legislature’s decision to delegate to district courts the authority to designate district court hearing masters. I also recognize the efficiency to be achieved by expanding the authority of the justices of the peace to take felony-related pleas. However, the Constitution vests the authority to make this decision in the Legislature, not the courts.
Accordingly, I must dissent.